UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III, | ) C/A No.  8:14-4305-RBH-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Jeffrey Duvall, individually and in his official capacity as dealer of Duvall Ford, Chevrolet, Dodge; Duvall Ford Chevrolet Dodge | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. George Cleveland, III ("Plaintiff") is incarcerated at the Evans Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint submitted in this case (ECF No. 1), he alleges that certain statements made by Defendant Duvall during an October 13, 2014 courtroom hearing were "falsehoods equal[ing] slander." Plaintiff seeks damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is

charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); De'Lonta v. Angelone, 330 F.3d 630, 630n.1 (4th Cir.2003).

However, even when considered under this less stringent standard, the undersigned finds, for the reasons set forth below, that Defendant Duvall is entitled to dismissal as a party defendant without service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

This action is filed pursuant to the diversity jurisdiction of the court. Plaintiff claims that Defendant Duvall has slandered his name in a public court forum by accusing him of a crime he did not commit. The plaintiff alleges that:

> During the October 13, 2014 guilty plea hearing,[1] Mr. Duvall spoke before sentencing, and told a[n] open courtroom full of people, and a court reporter that I stole the vehicles off his lot, and he wanted me to admit the same.

Complaint at 9.

Plaintiff alleges that the statement that he "stole" the vehicle is slanderous, as he indicates that

---

[1] The hearing referenced is apparently the plea/sentencing hearing held in Oconee County, South Carolina during which Plaintiff pled guilty and was sentenced on charges of possessing/concealing/selling/disposing of stolen vehicle valued at ten thousand dollars or more and receiving or selling a vehicle with falsified VIN number. See http://publicindex.sccourts.org/Oconee/PublicIndex/PISearch.aspx.  This court may take judicial notice of factual information located in postings on government websites. See *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

> I told the Court that I did not steal the vehicles off Mr. Duvall's lot in Clayton, GA. I told the Court I bought the vehicles off Craigs List and could never get a title for the vehicles so O bought wrecked vehicles and swapped the vins in a panic mode trying to recoup my money I had lost.

Id. at 10

The Court is able to glean from the Complaint that the vehicles involved in the charges to which Defendant pled guilty were the same vehicles reported stolen from Defendant Duvall Ford Chevrolet Dodge. Accordingly, Defendant Duvall is a witness and/or victim of Plaintiff's state crime(s). Defendant Duvall is a private citizen. It appears that Plaintiff seeks to allege the state law tort claim of slander against Defendant Duvall. This claim should be dismissed without prejudice as legally frivolous because witnesses in judicial proceedings are protected by absolute immunity from this type of claim attempted by the plaintiff. In South Carolina, the courts recognize the common law absolute privilege that protects utterances arising out of a judicial proceeding and having any relation to it from being sued upon as defamatory. See Richmond v. Pieterse, 2008 WL 4646176, 4 (D.S.C. 2008); Pond Place Partners, Inc. v. Poole, 351 S.C. 1, 567 S.E.2d 881, 892-97 (S.C.Ct.App.2002). The privilege protects statements by judges, parties, and witnesses. Id. See Griffin v. Walker, No. 1:04CV00918, available at 2006 WL 2023148 at *3 (M.D.N.C.2006) (finding that the tort claim for damages against a private citizen Walker, who had identified the plaintiff as the culprit in a robbery which was being prosecuted in state court, should be summarily dismissed as frivolous due to witness immunity). Cf. Mangold v. Analytic Serv., Inc., 77 F.3d 1442, 1446-50 (4th Cir.1996) (holding that absolute immunity from a state law tort suit seeking damages applied "to shield statements and information, whether truthful or not, given by a government contractor and its employees in response to queries by government investigators engaged in an official

investigation.").[2]

The Court also recommends that Defendant Duvall Ford Chevrolet Dodge be dismissed from this action. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citations omitted) (quoting

---

[2]To the extent that plaintiff could be found to be bringing his claim pursuant to Section 1983, it is well settled that a private witness in a state court proceeding cannot be sued for damages under 42 U.S.C. § 1983 because "it is clear that § 1983 did not abrogate the absolute immunity existing at common law ...." Briscoe v. LaHue, 460 U.S. 325, 327-46, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law .... The plaintiff could not recover even if the witness knew the statements were false and made them with malice."). See also Brice v. Nkaru, 220 F.3d 233, 239 n. 6 (4th Cir.2000).

*Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).  Plaintiff offers no specific allegations against the Defendant dealership . The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir.2009) (*citing Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999)). Accordingly, it is recommended that any claims against Defendant Duvall Ford Chevrolet Dodge be dismissed.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.  See Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| February 20, 2015 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

The plaintiff's attention is directed to the Notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).