UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George Cleveland, III, ) | Civil Action No.: 8:14-cv-04305-RBH |
|       Plaintiff, ) | |
| v. ) | **ORDER** |
| Jeffrey Duvall, individually and in his ) official capacity as dealer of Duvall Ford, ) Chevrolet, Dodge; and ) Duvall Ford Chevrolet Dodge, ) | |
|       Defendants. ) | |

This matter is before the Court after the issuance of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* R & R, ECF No. 10. Plaintiff George Cleveland, III, a state prisoner proceeding pro se, filed this action against Defendants Jeffrey Duvall and his car dealership, Duvall Ford Chevrolet Dodge. *See* Complaint, ECF No. 1. The Magistrate Judge recommends the Court dismiss Plaintiff's complaint without prejudice and without issuance of service of process. R & R at 2, 5.

**Background**

Plaintiff initiated this diversity action by filing a complaint against the Defendants alleging a state law cause of action for slander. Complaint at 1, 9-13. As the Magistrate Judge explains in thorough detail in the R & R, Plaintiff asserts Duvall made false statements during Plaintiff's guilty plea hearing in state court. *Id.* at 9-11; R & R at 2-3. Plaintiff seeks to hold both Duvall and his car

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

dealership liable for compensatory and punitive damages. Complaint at 13.

The Magistrate Judge issued an R & R recommending that Plaintiff's complaint be dismissed without prejudice and without issuance of service of process. R & R at 2, 5. The Magistrate Judge concluded (1) Plaintiff's claim against Duvall should be dismissed as legally frivolous because Duvall is entitled to absolute immunity from civil liability for the statements he allegedly made at Plaintiff's guilty plea hearing; and (2) Plaintiff's claim against Duvall's car dealership should be dismissed because Plaintiff fails to assert specific factual allegations pertaining to the dealership. *Id.* at 3-5. Plaintiff filed timely objections to the R & R. *See* Pl.'s Objs., ECF No. 12.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error In the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*,

718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Court first disposes of those portions of Plaintiff's objections that do not challenge the Magistrate Judge's findings. Plaintiff utilizes a large portion of his objections to rehash and supplement the allegations made in his complaint. *Compare* Complaint at 2-12, *with* Pl.'s Objs. at 1-2, 4-7. The Court reiterates it may only consider objections directing the Court to a specific error in the R & R. *See Camby*, 718 F.2d at 199-200 (explaining that if a party's objections lack the requisite specificity envisioned by 28 U.S.C. § 636(b)(1)(C), the district court need not conduct a de novo review of those portions of the R & R to which no specific objections have been made); Fed. R. Civ. P. 72(b) (permitting a party to "serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge (emphasis added)). Accordingly, the Court declines to consider those aspects of Plaintiff's objections that do not dispute the Magistrate Judge's findings and recommendations.

Plaintiff does, however, raise three specific objections to the Magistrate Judge's R & R. Pl.'s Objs. at 3-6. First, he objects to the Magistrate Judge's reliance on two cases: *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 567 S.E.2d 881 (Ct. App. 2002), and *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442 (4th Cir. 1996). The Magistrate Judge cited these two cases for the bedrock principle that courts, including those in South Carolina, recognize the common law absolute privilege for statements made during judicial proceedings. R & R at 3-4. Plaintiff disputes the Magistrate Judge's reliance on *Poole* and *Mangold*, arguing they involved different facts and therefore cannot be applied to his case. Pl.'s Objs. at 3-4. Plaintiff's argument is wholly without merit; while it is patently obvious that *Poole* and *Mangold* involved underlying facts distinguishable from those in Plaintiff's complaint, both opinions

correctly set forth the black-letter law on the doctrine of absolute immunity for witnesses—in this case, Duvall—who testify in court proceedings. *See Mangold*, 77 F.3d at 1448 ("The law provides immunity of varying degrees to both private citizens and public officials engaged in investigating and adjudicating disputes in order to ensure a meaningful government-sponsored judicial system. Thus, an absolute immunity shields witnesses testifying in court . . . ."); *Poole*, 351 S.C. at 24, 567 S.E.2d at 893 ("[T]he common law rule protecting statements of judges, parties[,] and witnesses offered in the course of judicial proceedings from a cause of action in defamation is well recognized in this jurisdiction. That is, an absolute privilege exists as to any utterance arising out of the judicial proceeding and having any reasonable relation to it, including preliminary steps leading to judicial action of any official nature[,] provided those steps bear reasonable relationship to it." (internal quotation marks and citation omitted)). The Court overrules Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's finding that Duvall's statements made during the guilty plea hearing are entitled to absolute immunity. Pl.'s Objs. at 5-6; *see* R & R at 3-4. Plaintiff argues Duvall "does not fall under the absolute immunity shield because he was not under oath, nor was he subpoenaed to testify." *Id.* This argument relies on facts—that Duvall was not under oath or subpoena—that were neither alleged in the complaint nor before the Magistrate Judge at the time he reviewed the complaint and made his findings and recommendations. Plaintiff cannot use his objections to plead new facts not alleged in his complaint. *See Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . ."). Moreover, the Court need not view these new factual allegations in the same light as those made in Plaintiff's complaint, and it declines to do so here. *See Goodman v. Wexford Health Sources, Inc.*, 425 F. App'x 202, 204-05 (4th

Cir. 2011) ("Goodman cites no supporting authority, nor have we found any, for the proposition that, when reviewing a complaint for failure to state a claim under 28 U.S.C. § 1915A, factual assertions contained in the plaintiff's objections to the magistrate's recommendation must be viewed in the same light as factual assertions contained in the initial complaint."); *Hewitt v. Amonitti*, No. 0:12-CV-665-MGL, 2013 WL 144178, at *3 (D.S.C. Jan. 14, 2013) ("Plaintiff raises several factual assertions in his Objections to the Report and Recommendation that were not raised in the complaint and therefore were not before the Magistrate Judge when she reviewed Defendant's Motion to Dismiss. This Court is not obligated to view these factual obligations in the same light as assertions made in Plaintiff's initial complaint and declines to do so here." (citing *Goodman*)). Accordingly, because new factual allegations are not properly considered in the context of an objection to an R & R, the Court overrules Plaintiff's objection.

Finally, Plaintiff objects to the Magistrate Judge's finding that Duvall's car dealership should be dismissed from this action because Plaintiff's complaint contains no specific factual allegations against the dealership. Pl.'s Objs. at 6; *see* R & R at 4-5. Plaintiff contends he has stated a claim against the dealership.[2] Pl.'s Objs. at 6. The Court has thoroughly reviewed Plaintiff's complaint and agrees with the Magistrate Judge that the complaint fails to plead specific facts against the car dealership, and therefore fails to state a plausible claim against it. The Court therefore overrules Plaintiff's objection.

## **Conclusion**

---

[2]   In making this argument, Plaintiff again raises several facts that were not pled in his complaint. As previously explained, an objection to an R & R is not the proper avenue to raise new facts neither pled in the complaint nor considered by the Magistrate Judge. *Backus*, 2013 WL 5707328, at *2; *Hewitt*, 2013 WL 144178, at *3.

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, and Plaintiff's objections to the R & R. *See* ECF Nos. 1, 10, & 12. For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objections, finds no error in the Magistrate Judge's R & R, and adopts and incorporates the R & R [ECF No. 10] by reference. **IT IS THEREFORE ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED** *without prejudice and without issuance of service of process*.

    **IT IS SO ORDERED.**


Florence, South Carolina                                                     s/ R. Bryan Harwell
October 28, 2015                                                           R. Bryan Harwell
                                                                                     United States District Judge